**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MYOUNG SU PARK, on behalf of himself and a collective of similarly situated individuals, | Civil Action No. 24-cv-7437 |
| Plaintiff, | **COLLECTIVE** |
| – against – | |
| KHIMS MARKET INC , THE MILEU MARKET INC and SANG KYU KHIM, | **COMPLAINT** |
| Defendants | **Jury Trial Demanded** |

Plaintiff Myoung Su Park, (together, "Plaintiff"), on behalf of himself and all other similarly situated individuals, by and through their undersigned counsel Ryan Kim Law, P.C., as and for their Complaint in this action against Defendants Khims Market Inc doing business as Khim's Millenium Market ("KMM"), The Mileu Market Inc doing business as Mileu Market ("MM") and Sang Kyu Khim (the "Individual Defendant") (KMM, MM and the Individual Defendant are collectively referred to herein as "Defendants"), hereby allege as follows:

## NATURE OF THE CLAIMS

1. Defendants subjected Plaintiff, who worked as a sushi chef, cashier, deli clerk, produce clerk, butcher/meat cutter, bakery clerk, and other similarly-situated employees at KMM and MM to numerous violations of federal and state laws during their employment, including (a) failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New York Labor Law ("NYLL"), § 650 *et seq.*;

1

(b) failure to pay overtime wages in violation of the FLSA § 207 and NYLL § 650 *et seq.*; (c) failure to provide accurate wage notices in violation of NYLL §§ 195(1) and (2); (d) failure to provide wage statements in violation of NYLL § 195(3) and (e) failure to provide Paid Sick Leave under NYLL.

2. Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all other similarly situated persons who were employed by Defendants as "sushi chef, cashier, deli clerk, produce clerk, butcher/meat cutter, bakery clerk" during the applicable limitations period (the "FLSA Collective Period"). Plaintiff and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiff's, the FLSA Collective's rights under the FLSA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under State law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

5. Plaintiff Myoung Su Park is an adult resident of the state of New York and was employed by Defendants as a sushi chef at KMM from approximately September 10, 2022, to August 30, 2024. At all relevant times, Mr. Park was an "employee" within the meaning of all applicable statutes.

6. Defendant Khims Market Inc is a New York domestic business corporation doing business as Khim's Millenium Market with a service of process address of 536 Myrtle Ave, Brooklyn NY 11205. Khim's Millenium Market is a grocery store located at 536 Myrtle Avenue, Brooklyn NY 11205. At all relevant times, Khims Market Inc. was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

7. Defendant The Mileu Market Inc is a New York domestic business corporation doing business as Mileu Market with a service of process address of 10 Montieth St. Brooklyn NY 11206. Mileu Market is a grocery store located at 10 Montieth St. Brooklyn NY 11206. At all relevant times, The Mileu Market Inc was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

8. Defendant Sang Kyu Khim is the owner of KMM and MM and, upon information and belief, an adult resident of the state of New York. Mr. Khim exercises sufficient control of KMM and MM's day-to-day operations, including, but not limited to, how employees are paid, to be considered an "employer" within the meaning of all applicable statutes.

## FACTUAL ALLEGATIONS

9. Plaintiff started his employment for Defendants on September 10, 2022.

10. He started his work at 6 a.m. and ended about at 4 p.m. for 6 days per week.

11. He regularly worked more than 10 hours per day and 60 hours per week.

12. He was paid $1,200 per week when he worked 5 days, and $1,440 per week when he worked 6 days.

13. From April 20, 2024, until August 30, 2024, Defendants failed to pay Plaintiff and the FLSA collective members, resulting in Plaintiff's unpaid wages accumulating during that period.

14. Defendants failed to pay Plaintiff the New York State minimum wage for all his working hours and also failed to pay overtime wages required under the FLSA and NYLL for hours worked over 40 per week.

15. Defendants also failed to provide Plaintiff wage notices and/or accurate wage notices as required by NYLL §§ 195(1) and (2) at the time of their hiring or when any changes to the information required in the wage notices took place.

16. Accordingly, by failing to comply with their wage notice requirements, Defendants owe Plaintiff per day for every day such notice was not provided, up to $5,000 per employee.

17. Additionally, Defendants failed to provide Plaintiff with wage statements, or accurate wage statements, such as pay stubs, that included essential information, including but not limited to, the hours worked, the applicable hourly rate, the overtime rate, and the tax withholdings deducted by the employer.

18. By failing to comply with their wage statements obligations, Defendants owe Plaintiff $250 for each violation, up to $5,000 per employee.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings his FLSA claims as a collective action on behalf of himself and on behalf of all other similarly situated persons who were employed by Defendants as "sushi chef, cashier, deli clerk, produce clerk, butcher/meat cutter, bakery clerk" position during the FLSA Collective Period."

20. At all relevant times, Plaintiff and the other members of the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans, and practices, and were subject to Defendants' failure to pay them at the legally required minimum wage for all hours worked, and overtime wages for hours worked over 40 in a week.

21. During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.

22. While the exact number of the FLSA Collective is unknown to Plaintiff at present, upon information and belief, there are more than 40 other similarly situated persons who were employed by Defendants as "sushi chef, cashier, deli clerk, produce clerk, butcher/meat cutter, bakery clerk during the FLSA Collective Period."

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Minimum Wages in Violation of the FLSA)

23. Plaintiff, on behalf of himself and the FLSA Collective, realleges and incorporates by reference all preceding paragraphs relevant to his minimum wage violation claims as if they were set forth again herein.

24. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

25. During the FLSA Collective Period, Defendants did not pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked for Defendants.

26. As a result of Defendants' failure to pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

27. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

28. Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages in Violation of the FLSA)**

29. Plaintiff, on behalf of himself and the FLSA Collective, realleges and incorporates by reference all preceding paragraphs relevant to his overtime wage violation claims as if they were set forth again herein.

30. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees overtime wages of one and one-half times their regular hourly wages for hours worked over 40 in a week. Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime wages under the FLSA.

31. During the FLSA Collective Period, Defendants did not pay Plaintiff and the FLSA Collective overtime wages for all hours worked over 40 in a week for Defendants.

32. As a result of Defendants' failure to pay Plaintiff and the FLSA Collective overtime wages for all hours worked over 40 in a workweek, Defendants violated the FLSA.

33. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

34. Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage in Violation of the NYLL)**

35. Plaintiff realleges and incorporates by reference all preceding paragraphs relevant to their minimum wage claims as if they were set forth again herein.

36. The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff is not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

37. Defendants did not pay Plaintiff the prevailing minimum wage for all hours worked for Defendants.

38. As a result of Defendants' failure to pay Plaintiff the prevailing minimum wage for all hours, Defendants violated the NYLL.

39. The foregoing conduct of Defendants constitutes willful violations of the NYLL.

40. Defendants' violations of the NYLL have significantly damaged Plaintiff and entitle him to recover the total amount of his unpaid minimum wages, an additional amount in liquidated damages, interest, and attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages in Violation of the NYLL)

41. Plaintiff realleges and incorporates by reference all preceding paragraphs relevant to his overtime wage violation claims as if they were set forth again herein.

42. The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees overtime wages of one and one-half times their regular hourly wages for hours worked over 40 in a week. Plaintiff was not exempt from the requirement that Defendants pay them overtime wages under the NYLL.

43. Defendants did not pay Plaintiff overtime wages for all hours worked over 40 in a week for Defendants.

44. As a result of Defendants' failure to pay Plaintiff overtime wages for all hours worked over 40 in a workweek, Defendants violated the NYLL.

45. The foregoing conduct of Defendants constitutes willful violations of the NYLL.

46. Defendants' violations of the NYLL have significantly damaged Plaintiff and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF
### (Failure to Issue Wage Notices)

47. Plaintiff realleges and incorporates by reference all preceding paragraphs relevant to their claim for failure to issue wage notices as if they were set forth again herein.

48. NYLL §§ 195(1) and (2) require employers to issue wage notices to employees at the time of their hiring or when any changes to the information required to appear on wage notices occur.

49. Defendants unlawfully failed to issue appropriate wage notices to Plaintiff.

50. Due to Defendants' NYLL violations, Plaintiff is each entitled to $50 per day for every day such wage notice was not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF
### (Failure to Furnish Wage Statements/Pay Stubs)

51. Plaintiff realleges and incorporates by reference all preceding paragraphs relevant to his claim for failure to furnish wage statements as if they were set forth again herein.

52. NYLL § 195(3) requires employers to furnish employees with wage statements, *i.e.*, pay stubs, that include, *inter alia*, hours worked, and any minimum wage allowances that are applied.

53. During the NYLL Period, Defendants unlawfully failed to issue appropriate wage statements to Plaintiff.

54. Due to Defendants' NYLL violations, Plaintiff is each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

### SEVENTH CLAIM FOR RELIEF
### (Failure to Provide Paid Sick Leave Under NYLL)

55. Plaintiff realleges and incorporates by reference all preceding paragraphs relevant to his claim for failure to furnish wage statements as if she was set forth again herein.

56. NYLL § 196-b states in pertinent part:

   a. For employers with four or fewer employees in any calendar year, each employee shall be provided with up to forty hours of unpaid sick leave in each calendar year; provided, however, an employer that employs four or fewer employees in a calendar year and that has a net income of greater than one million dollars in the previous tax year shall provide each employee with up to forty hours of paid sick leave pursuant to this section;

   b. For employers with between five and ninety-nine employees in any calendar year, each employee shall be provided with up to forty hours of paid sick leave in each calendar year; and

   c. For employers with one hundred or more employees in any calendar year, each employee shall be provided with up to fifty-six hours of paid sick leave each calendar year.

57. Pursuant to the above law, Defendants should maintain a policy regarding PTO for all employees.

58. Unless an employer's paid sick leave and/or resignation policy specifies, in writing, that employees lose accrued benefits upon termination of employment, earned PTO must be paid out to departing employees, See Glenville Gage Company, Inc. v. Industrial Board of Appeals of the State of New York, Department of Labor, 70 AD 2d 283 (3d Dept 1979).

59. Defendants' written and/or implied paid time off policies required the disbursement of earned PTO to departing employees and/or were silent on the issue.

60. Defendants failed to provide PTO to Plaintiff upon his departure from Defendants' employment.

61. Plaintiff has at all times performed all conditions, covenants, and promises required with their explicit and/or implicit employment terms and has never been in breach of the same.

62. By failing to compensate the PTO of Plaintiff, Defendants failed to provide full earned compensation to Plaintiff in breach of the terms of his employment.

63. Defendants failed to provide all owed compensation, including his compensation from him earned PTO.

64. As a result of said breach, Plaintiff owed money damages for Defendants failure to provide all.

65. Defendants unlawfully failed to provide PTO to Plaintiff owed money damages for Defendants failure to provide all.

66. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants the amount of unpaid sick leave, liquidated damages, interest, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, respectfully requests that the Court:

A. Declare that the practices complained of herein are unlawful under applicable federal and state law;

B. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers, and e-mail addresses of each such person, so Plaintiff can give such persons notice of this

action and an opportunity to make an informed decision about whether to participate in it;

C. Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D. Award Plaintiff and the FLSA Collective an additional equal amount as liquidated damages because Defendants' violations were willful and/or without a good faith basis;

E. Determine the damages sustained by Plaintiff as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of Plaintiff, plus such pre-judgment and post-judgment interest as may be allowed by law;

F. Award Plaintiff an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

G. Award Plaintiff, and the FLSA Collective their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees;

H. Grant Plaintiff, and the FLSA Collective such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and on behalf of all other similarly situated persons, hereby demands a trial by jury on all issues of fact and damages.

Date: October 24, 2024

Respectfully submitted,

**RYAN KIM LAW, P.C.**

\_\_\_\_/s/Ryan Kim_____
Ryan J. Kim

222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
T: 718) 573-1111
ryan@ryankimlaw.com

*Counsel for Plaintiff and the FLSA Collective*