UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MYOUNG SU PARK, *on behalf of himself and*
*a collective of similarly situated individuals*,

                        Plaintiff,

          -against-

KHIMS MARKET INC., *et al.*,

                     Defendants.

------------------------------------------------------------X

                                        **REPORT AND**
                                **RECOMMENDATION**
                                24 CV 7437 (DG) (CLP)

**POLLAK**, United States Magistrate Judge:

On October 24, 2024, plaintiff Myoung Su Park commenced this action, on behalf of himself and others similarly situated, against defendants Khims Market Inc, d/b/a Khim's Millenium Market ("KMM"), The Mileu Market Inc, d/b/a Mileu Market ("MM") (collectively, the "corporate defendants"), and Sang Kyu Khim (the "individual defendant"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (the "FLSA"), and New York Labor Law §§ 190 *et seq*., §§ 650 *et seq*. (the "NYLL"). (Compl.)  On February 21, 2025, plaintiff moved for default judgment against individual defendant Khim only (the "Motion"). (ECF No. 10).

On August 19, 2025, the Court respectfully recommended that the motion for default judgment be granted, and that plaintiff Park be awarded (1) $224,000 in damages and (2) $4,781.42 in counsel fees and costs, for a total of $228,781.42, plus (3) $27.62 per day in prejudgment interest, starting on September 5, 2023, until final judgment is entered, and (4) post-judgment interest until the judgment is paid in full.  (ECF No. 18).  On August 25, 2025, plaintiff Park requested that the Court amend its Report and Recommendation to expressly provide that plaintiff is entitled to: (a) a fifteen percent (15%) statutory enhancement under N.Y. Lab. L. §

1

198(4) if the judgment remains unpaid within ninety (90) days; and (b) reasonable attorney's fees and costs incurred in efforts to enforce and collect the judgment.  (ECF No. 20).

Under the section of the NYLL governing wage claims, "[a]ny judgment or court order awarding remedies under [Chapter 31, Article 6, Section 198] shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent."  N.Y. Lab. L. § 198(4). Along with the fifteen percent automatic enhancement, subsection (4) of N.Y. Lab. L. § 198 provides that "[i]n any civil action by an employee or by the commissioner, the employee or commissioner shall have the right to collect attorney's fees and costs incurred in enforcing any court judgment."  Section 198 reflects the well-established principle that costs and attorney's fees must be "reasonable."  N.Y. Lab. L. §§ 198(1)(a), (d).

Accordingly, the Court respectfully recommends that, should the district court adopt this Court's August 19, 2025, Report and Recommendation, the district court provide in its judgment that "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent," and that plaintiff "shall have the right to collect attorney's fees and costs incurred in enforcing" the judgment.  N.Y. Lab. L. § 198(4).

Any objections to this supplemental Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See,

2

e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

Plaintiff shall serve a copy of this Report and Recommendation on the defendant and file proof of such service on the record by **August 29, 2025**.

**SO ORDERED.**

Dated:  Brooklyn, New York
        August 27, 2025

                                        /s/ Cheryl L. Pollak
                                        Cheryl L. Pollak
                                        United States Magistrate Judge
                                        Eastern District of New York

3